**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000674
29-JUN-2017
08:07 AM**

NO. CAAP-15-0000674

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROMMEL A. LATA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 14-1-0488)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

Defendant-Appellant Rommel A. Lata appeals from the Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit ("Circuit Court")[1] on August 19, 2015. Lata was convicted by a jury on one count of Criminal Trespass in the Second Degree, in violation of Hawaii Revised Statutes ("HRS") section 708-814(1)(a) (Supp. 2013) ("Count 1"), and one count of Promoting a Dangerous Drug in the Third Degree, in violation of HRS section 712-1243(1) (Supp. 2013)[2] ("Count 2").

On appeal, Lata does not challenge his conviction on Count 1, but contends that the Circuit Court erred in convicting him on Count 2 because the evidence was insufficient to prove each and every element of the offense beyond a reasonable doubt. Lata's only specific argument on appeal is that the evidence was

---

[1] The Honorable Dexter Del Rosario presided.

[2] HRS section 712-1243 states, in pertinent part: "A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount." Haw. Rev. Stat. § 712-1243(1).

insufficient to prove that he knowingly[3] possessed cocaine.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lata's point of error as follows and affirm.

The appellate courts review the sufficiency of evidence on appeal as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

*State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting *State v. Quitog*, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *Richie*, 88 Hawai'i at 33, 960 P.2d at 1241 (quoting *State v. Eastman*, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996)).

Lata contends that the State failed to prove that he knowingly possessed cocaine. This argument is without merit. The State was required to prove that Lata was aware that he was in possession of a substance and that he was aware that the substance was cocaine in any amount. With regard to proving state of mind,

> [g]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, "[w]e have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from

---

[3]   "Knowingly" is defined as:

(a)   A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.

(b)   A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.

(c)   A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain his conduct will cause such a result.

Haw. Rev. Stat. § 702-206(2)(a)-(c) (1993).

> circumstances surrounding the [defendant's conduct] is sufficient . . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances.

*State v. Miller*, No. CAAP-11-0000807, 2013 WL 5288975, at *2 (Hawai‘i App. Sept. 19, 2013) (quoting *State v. Stocker*, 90 Hawai‘i 85, 92, 976 P.2d 399, 406 (1999)).

*Miller* is on point with the facts of this case. In *Miller*, this court held that there was substantial evidence to support the jury's guilty verdict, and we affirmed the defendant's conviction, for promoting a dangerous drug in the third degree, where an officer testified that she found methamphetamine in the defendant's pockets, the officer noted defendant's strange demeanor, and the defendant claimed that the baggie and its contents were rubbish. *Miller*, 2013 WL 5288975 at *2 (stating that it could reasonably be inferred that the defendant knowingly possessed methamphetamine stored in a baggie when she told the arresting officer in a begging tone, "Please, please, it's rubbish," in an apparent attempt to have the officer disregard it); *see also State v. Kido*, 102 Hawai‘i 369, 379, 76 P.3d 612, 622 (App. 2003) (finding there was sufficient evidence that the defendant knew that there were drugs in a pipe when he tried to conceal the paraphernalia after being confronted by the police).

Similarly, here, Honolulu Police Department Metropolitan Police Officer James Strombach testified that upon his first confronting Lata, he directed that Lata "have a seat," and asked him for his identification. In response, Lata produced an EBT card, a bank card, and "a ziplock baggie with a whitish crystal-like residue" that was attached to the cards. According to Officer Strombach, "as soon as [Lata] noticed the baggie also, he immediately tried to hide the baggie in his pants . . . kind of tried to stuff it down into his pants." Based on Officer Strombach's testimony, a jury could reasonably infer from the circumstances that Lata knowingly possessed the cocaine when he attempted to conceal the ziplock bag. *See State v. Sprattling*, 99 Hawai‘i 312, 317, 55 P.3d 276, 281 (2002) ("[I]t is well-settled that an appellate court will not pass upon issues

dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact]." (quoting *State v. Sua*, 92 Hawai'i 61, 69, 987 P.2d 959, 967 (1999))).

Considering the evidence in the light most favorable to the State, there was substantial evidence for the jury to conclude that Lata knowingly possessed the cocaine.

Therefore, the August 19, 2015 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 29, 2017.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4